IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA
                                                                                        PLAINTIFF

v.                       Case No. 4:19-cr-00061 KGB

TERRELL HOOD                                                                  DEFENDANT

**ORDER**

Before the Court are a motion requesting adjustment of jail credit and correction and a motion for compassionate release filed *pro se* by defendant Terrell Hood (Dkt. Nos. 62; 63). The government responded in opposition to the motion for compassionate release (Dkt. No. 67). Mr. Hood also filed a notice of default and a motion to appoint counsel (Dkt. Nos. 69; 70). For the following reasons, the Court denies Mr. Hood's motion requesting adjustment of jail credit and correction, motion for compassionate release, and motion to appoint counsel (Dkt. Nos. 62; 63; 70).

**I.     Background**

On February 27, 2020, Mr. Hood waived indictment, permitted the government to proceed by superseding information, and pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) as set forth in count one of the superseding information (Dkt. Nos. 39–41). Mr. Hood was sentenced on July 30, 2020, to a term of 77 months in the Federal Bureau of Prisons ("BOP") to be followed by three years of supervised release (Dkt Nos. 58–60).

In his motion requesting adjustment of jail credit and correction, Mr. Hood seeks to have this Court credit time on his federal sentence for time he contends he was on a writ to federal custody from prior state custody and for time he was ordered to participate in a mental evaluation while in federal custody (Dkt. No. 62, at 1–2). For his motion for compassionate release, Mr.

Hood argues for compassionate release based on what he contends is the BOP's failure to allow any jail time credits for prior time Mr. Hood spent in custody (Dkt. No. 63, at 2–3).

The government opposes the motion, maintaining that Mr. Hood must first present the issue to the BOP for resolution and then, after exhausting this issue with the BOP, must file a *habeas corpus* petition pursuant to 28 U.S.C. § 2241 in the court in the jurisdiction where Mr. Hood is incarcerated to challenge sentencing credits (Dkt. No. 67, at 2–3). Further, the government contends that a motion for compassionate release is not the appropriate way in which to raise Mr. Hood's request for sentencing credits and, therefore, that the Court should deny his motion for compassionate release, as well (*Id.*, at 3). The government also argues that, if the Court considers the merits of the pending motion for compassionate release, Mr. Hood's motion for compassionate release should be denied (*Id.*, at 3–9).

## II. Discussion

### A. Request For Habeas Corpus Relief Under 28 U.S.C. § 2241

"An attack on the Bureau of Prisons' computation of a sentence is an attack on the execution of the sentence." *United States v. Weddell*, 560 F. Supp. 2d 782, 785 (D.N.D. 2008) (citing *United States v. Luck*, 664 F.2d 311, 313 (D.C. Cir. 1981); *Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006)). "It is well-settled that challenges to the execution of a sentence are to be brought in a *habeas corpus* petition under 28 U.S.C. § 2241 in the district of incarceration against the inmate's custodian, not the district of sentencing." *Id.* (citing *Matheny v. Morrison*, 307 F.3d 709, 711–12 (8th Cir. 2002); *Bell v. United States*, 48 F.3d 1042, 1043–44 (8th Cir. 1995); *Neary v. United States*, 998 F.2d 563, 564 n. 1 (8th Cir. 1993); *United States v. Hutchings*, 835 F.2d 185 (8th Cir. 1987)). However, a district court cannot consider a request for presentence credit that

has not first been presented to the BOP. *See United States v. Iversen*, 90 F.3d 1340, 1344 (8th Cir. 1996).

There is no evidence in the record before the Court that Mr. Hood presented this claim first to the BOP prior to filing his motion. His motions requesting jail credit should be denied without prejudice and dismissed if Mr. Hood failed to demonstrate that he presented this claim to the BOP prior to filing the motions. Further, according to the docket sheet in this case, Mr. Hood is currently being held in Yazoo City, which is located in Mississippi. Because Mr. Hood is being held in custody outside of the Eastern District of Arkansas, this Court lacks jurisdiction to consider any claim brought pursuant to 28 U.S.C. § 2241, even if Mr. Hood could demonstrate that he presented his claim first to the BOP prior to filing his motions requesting jail credit. Mr. Hood should bring this claim in a petition filed pursuant to 28 U.S.C. § 2241 in the district in which he is incarcerated, after he presents the claim first to the BOP. For these reasons, the Court denies without prejudice Mr. Hood's motion requesting adjustment of jail credit and correction (Dkt. No. 62).

        **B.**        **Request For Compassionate Release Under 18 U.S.C. § 3582**

Because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One narrow exception is the First Step Act ("FSA"), passed by Congress in 2018. Pub. L. No. 115-391, 132 Stat. 5194 (2018). In pertinent part, the FSA amends 18 U.S.C. § 3582(c)(1)(A) to permit incarcerated defendants in certain circumstances to file motions with the court seeking compassionate release. Compassionate release provides a narrow path for defendants with "extraordinary and compelling reasons" to leave prison early. 18 U.S.C. § 3582(c)(1)(A)(i). The defendant bears the burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c). *See United States v.*

*Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022); *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

The Sentencing Commission's policy statement on compassionate release requires both "extraordinary and compelling reasons" to warrant a sentence reduction. U.S.S.G. § 1B1.13(a)-(b). If "extraordinary and compelling reasons" exist, a reduction of sentence is appropriate when "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and when "the reduction is consistent with [the Sentencing Commission's] policy statement." U.S.S.G. § 1B1.13(a). The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).

To determine whether "extraordinary and compelling reasons warrant such a reduction," 18 U.S.C. § 3582(c)(1)(A)(i), courts are to consider: (1) medical circumstances; (2) age-related deterioration in combination with the amount of time served; (3) family circumstances; (4) physical or sexual abuse while in custody; (5) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories; and (6) an unusually long sentence. U.S.S.G. § 1B1.13(b). With regard to the fifth category, this category exists for a "circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). The sixth category arises if: (1) the defendant has received an unusually long sentence, (2) the defendant has served at least 10 years of the sentence, and (3) a change in law produces a gross disparity between the sentence being served and the sentences likely to be imposed at the time the motion was filed, after considering the individual circumstances of the defendant. U.S.S.G. § 1B1.13(b)(6).

Rehabilitation of the defendant is not an extraordinary and compelling reason in and of itself but "may be considered in combination with other circumstances in determining whether and to what extent a reduction" in sentence is warranted.  U.S.S.G. § 1B1.13(d).  An extraordinary and compelling reason need not be unforeseen at the time of sentencing to warrant compassionate release.  U.S.S.G. § 1B1.13(e).

A defendant may move for a sentence reduction only after complying with an exhaustion requirement. 18 U.S.C. § 3582(c)(1)(A).  Before the FSA's passage, only the BOP Director had the authority to bring a compassionate release motion on a defendant's behalf.  18 U.S.C. § 3582(c)(1)(A) (2002), *amended by* 18 U.S.C. § 3582(c)(1)(A) (2018).  With the enactment of the FSA, Congress has permitted courts to grant a motion for a reduction in sentence filed by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).  As a mandatory claim-processing rule, this requirement "must be enforced so long as the opposing party properly raises it."  *United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021) (citing *Manrique v. United States*, 581 U.S. 116, 121 (2017)).  If a defendant fails to meet the exhaustion requirement and the government properly raises the exhaustion issue, the court must dismiss the motion without prejudice.  *Id.* (citing *United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020); *United States v. Ward*, 832 F. App'x 334, 334–35 (5th Cir. 2020) (per curiam)).

Mr. Hood bases his motion for compassionate release on his argument for sentencing credits (Dkt. No. 63).  There is no evidence before the Court that, prior to filing his motion for compassionate release, Mr. Hood specifically raised with the BOP his request for sentencing credit.  Although Mr. Hood attaches as an exhibit an electronic communication he had with the

5

Warden requesting compassionate release from the BOP, that electronic communication does not indicate that Mr. Hood sought relief from the BOP based on his argument for sentencing credits (*See id.*, at 5).  Here, the government raises the exhaustion requirement, and from the record before the Court, it does not appear to the Court that Mr. Hood properly exhausted the issue of sentencing credits with the Warden prior to filing his current motion.  Even if Mr. Hood had properly exhausted the issue of sentencing credits, the Court does not find that Mr. Hood has satisfied his burden of proving he is entitled to compassionate release.  He has not demonstrated both extraordinary and compelling reasons to warrant a sentence reduction.  Further, Mr. Hood has not demonstrated that he is entitled to compassionate release pursuant to United States Sentencing Guidelines policy or the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable.  For these reasons, the Court denies Mr. Hood's motion for compassionate release (Dkt. No. 63).

### C.    Notice Of Default

Mr. Hood filed a notice of default and non-response from the Court (Dkt. No. 69).  From that filing, it appears that Mr. Hood may not have received the government's response in opposition to this motion.  The Court directs the Clerk of Court to resend to Mr. Hood the government's response to his motions (Dkt. No. 67) and a copy of the docket sheet for this case.

### D.    Motion To Appoint Counsel

Because the Court denies Mr. Hood's motion requesting adjustment of jail credit and correction and motion for compassionate release, the Court also denies Mr. Hood's request for the appointment of counsel (Dkt. No. 70).

### III.    Conclusion

Based on the findings of fact and conclusions of law above, the Court denies Mr. Hood's motion requesting adjustment of jail credit and correction, motion for compassionate release, and motion to appoint counsel (Dkt. Nos. 62; 63; 70). The Court directs the Clerk of Court to resend to Mr. Hood the government's response to his motions (Dkt. No. 67) and a copy of the docket sheet for this case.

It is so ordered this 16th day of May, 2025.

*Kristine G. Baker*

Kristine G. Baker
Chief United States District Judge